# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
### NEWARK DIVISION

**DEBRA STEPHENS**, on behalf of herself and
those similarly situated,

        Plaintiff,

vs.

**ALMA BANK**, a Banking Institution;
**ADAMS CONSULTING GROUP, LLC**, a
New York Domestic Limited Liability Company;
and **ARC FINANCIAL SOLUTIONS, LLC**, a
New Jersey Domestic Limited Liability
Company, d/b/a **ARC RISK AND
COMPLIANCE**,

        Defendants.

CASE NO.:_____

_____ /

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, DEBRA STEPHENS ("Stephens" or "Plaintiff"), on behalf of herself and other

Anti-Money Laundering Investigators ("AML") and former employees similarly situated, by and

through undersigned counsel, files this Complaint against Defendants, ALMA BANK ("ALMA"),

a Banking Institution;   ADAMS CONSULTING GROUP, LLC ("ADAMS"), a New York

Domestic Limited Liability Company; and ARC FINANCIAL SOLUTIONS, LLC ("ARC"), a New

Jersey Domestic Limited Liability Company, d/b/a ARC RISK AND COMPLIANCE (collectively

"Defendants"), and states as follows:

## NATURE OF THE ACTION

1.   Plaintiff alleges on behalf of herself and other similarly situated current and former

Anti-Money Laundering Investigators employees of the Defendants, who elect to opt-in to this action,

pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that they are: (i) entitled to

unpaid wages from Defendants for overtime work for which they did not receive overtime premium pay, as required by law, (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§201 et seq; (iii) entitled to declaratory relief pursuant to 28 U.S.C. §2201 and (iv) entitled to an award of attorneys' fees and costs.

## JURISDICTION

2.      Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid back wages, an additional equal amount as liquidated damages; obtain declaratory relief, and reasonable attorneys' fees and costs.

3.      The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

4.      This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

5.      Venue is proper in this Court because all of the Defendants have significant contacts and/or their principal places of business within this District.

6.      Further, the acts and omissions that form the basis of the lawsuit (ie. Defendants' establishment and enforcement of its company-wide payroll policies) occurred within this District.

## PARTIES

7.      At all times material hereto, Plaintiff was a resident of Bergen County, New Jersey.

8.      At all times material hereto, Plaintiff was employed by Defendants as an AML and performed related activities for Defendants in Passaic County, New Jersey and Queens County, New York, among others.

9.      At all times material hereto Defendant ALMA was, and continues to be, a privately-owned Banking Institution.

10.     At all times material hereto, Defendant ALMA was, and continues to be, engaged in business in New York and New Jersey, with business locations throughout New York and New Jersey.

11.     At all times material hereto Defendant ADAMS was, and continues to be, a New York Domestic Limited Liability Company.

12.     At all times material hereto, Defendant ADAMS was, and continues to be, engaged in business in New Jersey.

13.     At all times material hereto Defendant ARC was, and continues to be, a New Jersey Domestic Limited Liability Company.

14.     At all times material hereto, Defendant ARC was, and continues to be, engaged in business in New Jersey, with their principal place of business in Mercer County, New Jersey.

## COVERAGE

15.     At all times material hereto Plaintiff was Defendants' "employee" within the meaning of the FLSA.

16.     At all times material hereto, Defendants were the Plaintiff's "employer" within the meaning of the FLSA.

17.     Defendants were, and continue to be, "employers" within the meaning of the FLSA.

18.     At all times material hereto, the Defendants were, and continue to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

19.     At all times material hereto, the annual gross revenues of Defendants were in excess of $500,000.00 per annum.

20.     At all times material hereto, Defendants had two (2) or more employees handling,

reviewing documents, or otherwise working on goods or materials that had been moved in or produced for commerce.

21.     At all times material hereto, Defendant ALMA simultaneously operated in two (2) or more States.

22.     At all times material hereto, ALMA employed Plaintiff within the meaning of FLSA.

23.     ALMA was, and continues to be, an "employer" within the meaning of FLSA.

24.     At all times material hereto, ALMA was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.   Specifically, ALMA was an international bank, operating in multiple counties and states simultaneously.

25.     Based upon information and belief, the annual gross revenue of ALMA was in excess of $500,000.00 per annum during the relevant time periods.

26.     At all times material hereto, ADAMS employed Plaintiff within the meaning of FLSA.

27.     ADAMS was, and continues to be, an "employer" within the meaning of FLSA.

28.     At all times material hereto, ADAMS was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.   Specifically, ADAMS regularly provided consulting services, which include two types of services on Anti-Money Laundering: regulatory compliance and technical, necessary and integral to ALMA's business operations, in multiple states simultaneously.

29.     Based upon information and belief, the annual gross revenue of ADAMS was in excess of $500,000.00 per annum during the relevant time periods.

30.     At all times material hereto, ARC employed Plaintiff within the meaning of FLSA.

31.     ARC was, and continues to be, an "employer" within the meaning of FLSA.

32.     At all times material hereto, ARC was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.   Specifically, ARC regularly provided consulting services, which include two types of services on Anti-Money Laundering: regulatory compliance and technical, necessary and integral to ADAMS' business operations, in multiple states simultaneously.

33.     Based upon information and belief, the annual gross revenue of ARC was in excess of $500,000.00 per annum during the relevant time periods.

34.     At all times material hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA, by virtue of her consistent interstate communications on behalf of Defendants throughout her employment, and the interstate nature of her work.

35.     At all times hereto, the work performed by Plaintiff was directly essential to the business performed by Defendants.

36.     At all times material hereto, Defendants controlled the manner in which Plaintiff's work was performed.

37.     Defendants assigned Plaintiff her specific tasks, and dictated the specific manner in which she was required to do her work.

38.     Plaintiff had no opportunity for profit or loss depending on her management skill. Instead, she was paid an hourly rate set by Defendants for an 8 hours shift for each work day.

39.     Plaintiff had little or no investment in the materials required to perform her work for Defendants.

40.     Plaintiff did not employ helpers and lacked the authority to hire/fire anyone to perform the work that she was hired to do.

41.     The work performed by Plaintiff for Defendants required no special skill.  Rather, anyone could perform the work that Plaintiff performed for Defendants on the job training.

## STATEMENT OF FACTS

42.     Plaintiff was employed by Defendants as a non-exempt AML.

43.     Plaintiff worked in this capacity from approximately January 2017 through June 2017.

44.     Although Defendants reported Plaintiff's income on an IRS Form 1099, Plaintiff was Defendants employee at all times relevant hereto.

45.     As an AML, Plaintiff was paid solely on an hourly basis for all work she performed for Defendants.

46.     From at least January 2017 and continuing through June 2017, Plaintiff worked in excess of forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

47.     Defendants misclassified Plaintiff as an independent contractor, despite the fact that Plaintiff:

   a.   was not required to possess any advanced skill or knowledge to perform her work for Defendants;

   b.   was required by Defendants to perform her job in a particular manner, on which Defendants trained her;

   c.   was economically dependent on Defendants;

   d.   assisted Defendants in carrying out their principal business;

   e.   performed exactly the same job in exactly the same manner, and was paid exactly the same way as other individuals classified as "employees";

    f.   was not required to make any substantial financial investment in her employment, because Defendants supplied all of the necessary materials for her work;

    g.   received all assignments from Defendants; and

    h.   was unable to enhance/increase her wages other than by performing additional work.

48.    Plaintiff, and those similarly situated to her, routinely worked in excess of forty (40) hours per week as part of their regular job duties.

49.    Despite the fact that Plaintiff, and those similarly situated to her, worked more than forty (40) hours per week, Defendants failed to pay Plaintiff, and those similarly situated to her, overtime compensation at a rate of one and one-half times her regular rate of pay for hours worked over forty (40) in a workweek.

50.    Defendants have employed and continue to employ many of other individuals as AMLs  paid solely by the hour, whose income is reported on IRS Form 1099 on an hourly basis, who performed and continue to perform the same or similar job duties under the same pay policies as Plaintiff.

51.    Defendants have violated Title 29 U.S.C. §207 from January 2017 and continuing through June 2017, in that:

    a.   Plaintiff worked in excess of forty (40) hours per week for her period of employment with Defendants;

    b.   No payments, or insufficient payments and/or provisions for payment, have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA; and

    c.   Defendants have failed to maintain proper time records as mandated by the FLSA.

**COUNT I**
**VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION**

52.     Plaintiff realleges and reaver paragraphs 1 through 51 the Complaint as if fully set forth herein.

53.     Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

54.     At all times material hereto, Defendants failed, and continue to fail, to maintain proper time records as mandated by the FLSA.

55.     To date, Defendants continue to fail to pay their AMLs and similarly situated employees their FLSA mandated overtime pay, despite their recognition that their position is non-exempt and entitled to same.

56.     Defendants' actions in this regard were/are willful and/or showed/show reckless disregard for the provisions of the FLSA as evidenced by their continued failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per weeks when they knew, or should have known, such was, and is due.

57.     Defendants have failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

58.     Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

59.     Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## PRAYER FOR RELIEF

Wherefore, Plaintiff requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

c. An injunction against the Defendants and its officers, agents, successors, employees, representatives and any and all persons in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

d. An award of unpaid wages and overtime compensation due under the FLSA;

e. An award of liquidated damages as a result of the Defendants' willful failure to pay wages and overtime compensation pursuant to 29 U.S.C § 216;

f. An award of prejudgment and post judgment interest;

g. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

h. Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury on all questions of fact raised by the complaint.

DATED this 3rd day of May, 2018.

Respectfully submitted,


*/s/ Andrew R. Frisch*
Andrew R. Frisch
NJ Bar No.: 38452000
MORGAN & MORGAN, P. A.
600 Pine Island Road, Suite 400
Plantation, FL 33324
T: (954) WORKERS; F: (954) 327-3013
E-mail: AFrisch@forthepeople.com

*Trial Counsel for Plaintiff*