# EXHIBIT A

## SETTLEMENT AND RELEASE AGREEMENT

THIS SETTLEMENT AND RELEASE AGREEMENT (the "Settlement Agreement") is entered into as of this ___6___ day of _August_ 2019, by and between: Plaintiff Debra Stephens ("Plaintiff") and Defendants Alma Bank ("Alma"), Adams Consulting Group, LLC ("Adams") and Arc Financial Solutions, LLC *d/b/a* ARC Risk and Compliance ("ARC") (collectively, the "Defendants"). Plaintiff and Defendants are each referred to herein as a "Party" and together as the "Parties."

### Recitals

WHEREAS on March 8, 2018, Plaintiff filed a lawsuit in the United States District Court for the District of New Jersey captioned Debra Stephens v. Alma Bank a Banking Institution; Adams Consulting Group, LLC, a New York Domestic Limited Liability Company; and ARC Financial Solutions, LLC, a New Jersey Domestic Limited Liability Company, d/b/a ARC Risk and Compliance (the "Lawsuit"), seeking damages against Defendants;

WHEREAS Plaintiff asserted claims against all Defendants seeking to recover unpaid minimum wages, overtime pay, and other monies pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206, 207, et seq.

WHEREAS on June 19, 2018 Defendant ARC, on June 25, 2018 Defendant Alma, and on July 27, 2018 Defendant Adams Consulting Group, LLC each filed Answers to the Lawsuit, asserting certain Affirmative Defenses and denying any liability for the claims asserted in the Lawsuit.

WHEREAS on February 27, 2019 Defendant Alma filed an Amended Answer to the Lawsuit asserting certain Affirmative Defenses and denying any liability for the claims asserted in the Lawsuit and Defendant Adams responded to this Amended Answer on March 20, 2019

asserting certain Affirmative Defenses and denying any liability for the claims asserted in the Amended Answer.

WHEREAS the Parties wish to avoid the uncertainties and expenses of the proceedings in this matter and desire to fully resolve and settle all claims, including those asserted in, arising out of, or related to the allegations set forth in the Lawsuit, and;

WHEREAS the Parties negotiated at arm's length and reached this Settlement Agreement in good faith.

### The Agreement

1.  **Release.**  Plaintiff, and all her heirs, executors and administrators, attorneys, insurers, agents, successors, and assigns, agree to release forever with prejudice Defendants, their current and past officers, board members, directors, employees, agents, subsidiaries, parents, affiliates, predecessors, insurers, attorneys, members, successors and assigns, and all persons acting in such capacities, from all actions, suits, claims and demands in law or equity, that Plaintiff ever had, now has, or may have, resulting from anything which has happened up until now, including, by way of example rather than limitation, any matter, cause or claims relating in any way to the matters asserted in the Lawsuit and otherwise, including but not limited to all claims of discrimination and/or retaliation, violations of the Family and Medical Leave Act, Title VII of the Civil Rights Act, the Civil Rights Act of 1991, Sections 1981 through 1988 of Title 42 of the United States Code, The Employee Retirement Income Security Act (except for any vested benefits under any tax qualified benefit plan), the Fair Credit Reporting Act, the Americans with Disabilities Act, the Rehabilitation Act, the FLSA, the NJWHL, the NJWPL, the New Jersey Human Rights Law, the New Jersey Whistleblower Law (the New Jersey Conscientious Employee Protection Act), the Age Discrimination in Employment Act, the Equal Pay Act, for breach of contract, unjust enrichment, wrongful termination, constructive

discharge, civil conspiracy, or any other federal, state or local law or ordinances and any common law claims under tort, contract or any other theories now or hereafter recognized. The release recited in this Paragraph shall include any and all claims which Plaintiff may have for any type of damages cognizable under any of the laws or causes of action referenced in this Settlement Agreement, including, but not limited to, any and all claims for compensatory damages, punitive damages, and specifically including any claims for attorneys' fees.

However, nothing in this release is intended to operate as a release and full settlement of any right Plaintiff may have to receive benefits hereunder and/or any statutory right Plaintiff may have to receive unemployment or worker's compensation benefits.

2.    **Consideration.** The Settlement Payments listed below shall be paid in equal shares (i.e. 50/50) by Defendants ARC and Adams within thirty (30) days from the date the Court approves this Settlement Agreement after receipt by Defendants' counsel of a fully executed Settlement Agreement, and W4 and W-9 forms completed by both Plaintiffs and Plaintiffs' counsel, as follows:

      (1)    $7,333.75 – unpaid wages (paid half by ARC and half by Adams)

      (2)    $7,333.75 – liquidated damages (paid half by ARC and half by Adams)

      (3)    $11,332.50 – attorneys fees/costs (paid half by ARC and half by Adams)

The Settlement Payment for attorneys fees/costs listed above is being paid in addition to the amounts due to the Plaintiff and will not diminish her recovery.

3.    **Tax Consequences.** Defendants make no representations or warranties regarding any tax issues relating to the settlement payment provided for in this Settlement Agreement. Plaintiff acknowledges she has not relied upon any advice from Defendants concerning the taxability of the amounts to be paid under this Settlement Agreement. Plaintiff further agrees to indemnify and hold the Defendants harmless against the payment of any taxes

3

(other than the Defendants' portion of FICA taxes), interest, penalties and other liabilities or costs including, but not limited to, attorneys' fees, that may be assessed in connection with the Defendants' failure to withhold any portion of the Settlement Amount pursuant to the terms of this Agreement.

Should it be determined that any payment of liquidated damages made to Plaintiff pursuant to this Settlement Agreement constitute gross income within the meaning of the Internal Revenue Code of 1986, as amended, or under any other federal, state or local statute or ordinance, Plaintiff shall be solely liable for and agree to pay any amount that may be determined to be due and owing by her as taxes, interest and penalties arising out of such payments.

4.      **Dismissal of Litigation.** This Lawsuit shall be dismissed with prejudice at a reasonable time after the Court approves this Settlement Agreement. Upon approval of this Settlement Agreement by the Court, and Plaintiff's receipt of the Settlement Payments identified within this Settlement Agreement, Plaintiff shall furnish to Defendants within five days thereof, a Stipulation of Dismissal with Prejudice and Without Costs, dismissing this action in its entirety. To the extent needed, Plaintiff agrees to jointly file any documents necessary to further effectuate dismissal this Lawsuit.

5.      **No Admission.** This Release is the result of a compromise and settlement of disputed claims and shall never at any time, for any purpose, be considered an admission of liability or responsibility of the Defendants, who continue to deny such liability and to disclaim such responsibility. Defendants deny they violated any federal, state or local statute, ordinance or regulation or any duty allegedly owed by Defendants to Plaintiff, on any basis.

6.      **Entire Agreement.** It is further understood and agreed that this document represents the complete agreement between the Parties hereto and that there are no written or

oral understandings or agreements directly or indirectly connected with this Release that are not fully incorporated herein. This Settlement Agreement supersedes and replaces any other offer, employment contract, or agreements and there are no other agreements or understanding except as set forth herein.

7.      **Knowing and Voluntary Acceptance of Terms.**   The Parties warrant and represent that they have carefully read this Agreement and know and fully understand the contents thereof, and that they are signing same voluntarily.  The Parties intend to be legally bound by all promises contained herein. The Parties further warrant and represent that they have not been influenced in any manner whatsoever in making and signing this Agreement by representations or inducements by any other Party.

8.      **Governing Law.**   This Release shall be construed in accordance with and governed by the laws of the State of New Jersey, without reference to New Jersey conflict of laws rules.

9.      **Warranties and Indemnification Relating to Medicare/Medicaid Claims.**

Plaintiff affirms, covenants, and warrants she is not Medicare eligible and has made no claim for illness or injury against, nor knows of any facts supporting any claim against the Defendants under which Defendants could be liable for medical expenses incurred by Plaintiff before or after the execution of this Settlement Agreement. Plaintiff is not aware of any medical expenses which Medicare or Medicaid has paid and for which the Defendants are or could be liable now or in the future. Plaintiff agrees and affirms that, to the best of her knowledge, no liens of any governmental entities, including those for Medicare Conditional Payments (as defined by the Medicare Secondary Payer Statute and implementing regulations) exist.

10.     **Limited Confidentiality Provision.** Plaintiff agrees that she will not publicize the negotiations leading up to this Settlement Agreement. Nothing in this Settlement Agreement

shall prohibit Plaintiff from disclosing information concerning payments made to her hereunder. Further, nothing in this Settlement Agreement will prohibit or restrict such disclosure as is required by law or as may be necessary for the prosecution of claims relating to the performance or enforcement of this Settlement Agreement, or prohibit or restrict Plaintiff from responding to any inquiry about this Settlement Agreement or its underlying facts and circumstances from any governmental agency.

11.    **Press Releases.** Neither Party will issue any statements to the press, notify the press of the settlement, or otherwise seek to publicize the fact or details of the Settlement Agreement in any way. Plaintiff shall not make a public announcement (in any media, including, but not limited to television, radio, newspaper, and internet), regarding this Settlement Agreement. Any Party, in response to any inquiry by a member of the media regarding the Lawsuit or any aspect thereof, is only permitted to say "The lawsuit has settled" or something similar.

12.    **Capacity, Assignment.** The undersigned warrant that they are duly authorized and legally competent to execute this Release and that no approvals or consents of any other persons, entities or agencies are necessary. Plaintiff represents and warrants that she has not sold, assigned, transferred, conveyed, encumbered, or otherwise disposed of any portion of her claims arising out of the Lawsuit described herein.

Plaintiff agrees and represents that she has carefully read the terms of this Settlement Agreement, including the Release in paragraph 1, with her attorney; Plaintiff acknowledges she had an opportunity of at least twenty-one (21) days to receive advice about the terms and legal effects of this Settlement Agreement; Plaintiff understands the meaning and effect of the terms of this Settlement Agreement, including the Release; Plaintiff's decision to sign this Settlement Agreement, including the Release, is of Plaintiff's own free and voluntary act without

compulsion of any kind; no promise or inducement not expressed in this Settlement Agreement has been made to Plaintiff; Plaintiff has adequate information to make a knowing and voluntary waiver.

**Plaintiff shall have seven (7) days from signing this Settlement Agreement to revoke the Settlement Agreement. Plaintiff may revoke this Settlement Agreement at any time within that seven (7) day period by sending a written notice of revocation to: Lewis Brisbois Bisgaard & Smith LLP, 77 Water St,,, Suite 2100, New York, New York 10005, attn. Bradley J. Bartolomeo, Esq.. Such written notice must be received at the above address within the seven (7) day period in order to be valid. If valid revocation is received within that seven (7) day period, this Settlement Agreement shall be null and void for all purposes.**

13.    **Acknowledgment.** PLAINTIFF UNDERSTANDS THE TERMS OF THIS SETTLEMENT AGREEMENT AND RELEASES FOREVER DEFENDANTS FROM ANY LIABILITY ARISING FROM PLAINTIFF'S LAWSUIT. PLAINTIFF SIGNS THIS SETTLEMENT AGREEMENT OF HER OWN FREE WILL IN EXCHANGE FOR THE CONSIDERATION TO BE GIVEN TO PLAINTIFF, AS SET FORTH ABOVE, WHICH PLAINTIFF ACKNOWLEDGES AS ADEQUATE AND SATISFACTORY. NONE OF THE DEFENDANTS, NOR THEIR REPSPECTIVE AGENTS, REPRESENTATIVES OR EMPLOYEES HAVE MADE ANY REPRESENTATIONS TO PLAINTIFF CONCERNING THE TERMS OR EFFECTS OF THIS SETTLEMENT AGREEMENT, OTHER THAN THOSE CONTAINED IN THE SETTLEMENT AGREEMENT.

14.    **Execution in Counterparts.** This Settlement Agreement may be executed in counterparts, each of which shall be an original and all of which, when taken together, shall constitute a single agreement.

**READ THIS ENTIRE DOCUMENT BEFORE SIGNING!**

BY: Debra Stephens

_____

Dated:

BY: Alma Bank

Executive Vice President & COO

Dated: 08|06|2019

BY: Adams Consulting Group, LLC

Len Adams

Dated: 08/06/2019

BY: ARC Financial Solutions, Inc

Dated: 08/06/2019

8

## READ THIS ENTIRE DOCUMENT BEFORE SIGNING!

BY: Debra Stephens

Dated: 08/08/2019

BY: Alma Bank

Executive Vice President & COO

Dated: 08/06/2019

BY: Adams Consulting Group, LLC

Dated:

BY: ARC Financial Solutions, Inc

Dated: 08/06/2019